## No. 20,352.

ROSEMARY W. HAASE *v.* BOB ARTHUR HAASE.
(376 P. [2d] 698)

Decided December 3, 1962.

Mr. EDWARD A. JERSIN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DAY delivered the opinion of the Court.

WE will refer to the plaintiff in error as the wife and to the defendant in error as the husband.

This writ of error is directed to an order of the district court modifying the terms of a final decree of divorce so as to reduce support money allocated to two children of the parties.

The husband at the time of the entry of the final decree in October, 1960, had agreed to pay to the wife for the support of the two children the sum of $150.00 per month. Other terms of the decree are not important to this litigation. The agreement for child support was incorporated into the final divorce decree and made an order of the court.

On January 4, 1962, the husband was in arrears in the support payments, and, upon being cited to show cause why he should not be adjudged in contempt of court, filed a motion for modification of the support order on the ground of change of circumstances. At a hearing on February 15 after testimony and arguments of counsel, the court made findings that there had not been a showing of change of circumstances and denied the petition for modification. That order was never challenged by motion for new trial or reconsideration and no writ of error thereto sought. Nevertheless, twelve days later—on February 27—the husband filed another motion for modification of the divorce decree. At a subsequent hearing on the second motion before a different judge an order modifying the payments from $150.00 per month to $100.00 per month was entered. This latter order is the subject of this writ of error.

Although we do not have the benefit of a transcript of the hearing first held on the original petition for modification, it is clear from the testimony in the second hearing that the alleged changes of circumstances were exactly the same—increased expenses for doctor bills, medicine and hospitalization of a child born of a marriage entered into since the divorce. These increased expenses are the sole ground announced by the court as justification for modification of the decree. It is clear that the circumstances shown ante-dated by many months the January motion and were the subject matter of the first hearing on February 15.

■ Without going into the question whether these

facts constitute a change in circumstances so as to relieve a father of his obligations to children of a previous marriage, suffice it to say that the court in the second hearing was limited to inquiry into a change—if any—since the *last order*. Only twelve days had elapsed between the order denying the request for modification and the new petition for the same relief. Nothing occurred in these twelve days to warrant a new hearing and a different result. For principles of law touching on the finality of an order subsequent to the original divorce decree, see *Harris v. Harris,* 113 Colo. 41, 154 P. (2d) 617, and cases therein cited. Also *Disney v. Disney,* 121 Cal. App. (2d) 602, 263 P. (2d) 865; *Goodman v. Goodman,* 329 Ill. App. 444, 69 N. E. (2d) 26; 17 A Am. Jur. 49, §862.

The order of the trial court is reversed and the cause remanded with directions to vacate the order modifying the final decree of divorce.